*783 OPINION OF THE COURT
James G. Starkey, J.
During jury selection in the captioned case, the defendant (a black male), by his counsel, moved for a mistrial on the ground that the prosecutor had consistently excused, by peremptory challenges, black and Hispanic candidates. At the time the motion was made, seven black candidates and one Hispanic had been excused in that fashion. That conduct, it was urged, constituted improper use of peremptory challenges to exclude potential jurors on the ground of race. The prosecution denied excusing jurors on the ground of race and the motion was denied.
The defense then moved, in the alternative, for a hearing and the opportunity to examine the prosecutor under oath concerning her intent and motives in the exercise of the challenges. That motion was also denied.
Thereafter, the trial proceeded to a conclusion and on April 28, 1980, the defendant was convicted of robbery in the first and second degrees. This decision is written to set forth the applicable law and the basis for the rulings referred to above.
The threshold problem confronted by the defense argument is that historically, the basis for the exercise of peremptory challenges is immune from inquiry (see Swain v Alabama, 380 US 202, 219-220; Lewis v United States 146 US 370, 378; see, also, CPL 270.25, subd l).[1]
It is true, as urged by the defense, that there is authority for the proposition that "it is a denial of the equal protection of the laws to try a defendant of a particular race or color under an indictment issued by a grand jury * * * from which all persons of his race or color have, solely because of that race or color, been excluded by the State” (Hernandez v Texas, 347 US 475, 477; see, also, Castaneda v Partida, 430 US 482, 492). Perhaps more to the point, there is also authority for the proposition that the basis for the exercise of peremptory challenges is not totally immune from inquiry and that the systematic exclusion of all persons of a specific race or color from trial juries solely on the basis of race or color is, similarily, prohibited (see Swain v Alabama, supra, at pp 223-224).
*784 But the defense argument blurs some vital distinctions and lumps together two wholly different propositions. It is one thing to say that the law prohibits discrimination in jury selection based solely on race and quite another to say it prohibits challenging all candidates of the same race, religion or national origin as the defendant.[2] In the latter case, at least presumptively, the challenges are based not on race, religion or heritage, but on the ground of potential affinity with a defendant who shares the same background — a time-honored basis for the exercise of peremptory challenges (see Swain v Alabama, 380 US 202, 220-221, supra).[3]
In light of the presumption of regularity and the historic immunity from inquiry concerning the use of peremptory challenges, it is inappropriate to inquire into a party’s motives solely on the basis of the manner in which peremptory challenges have been exercised in a single case. "The presumption in any particular case must be that the prosecutor is using the State’s challenges to obtain a fair and impartial jury * * * The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result * * * would establish a rule wholly at odds with the peremptory challenge system as we know it” (Swain v Alabama, supra, at p 222).
Further, any other rule would present obvious practical questions concerning the administration of justice. If the defense were entitled to a hearing based solely on a pattern of excusáis in a single case, logic and fairness would require that the prosecution have the same right[4] (see Commonwealth v Soares, — Mass —, —, n 35, 387 NE2d 499, 517, n 35; People v Wheeler, 22 Cal 3d 258, 282, n 29).
*785 Predictably, hardly a trial would pass without both sides being entitled to such an inquiry.[5] Given potential affinity as the likely and reasonable explanation, such a rule would be, on its face, both inappropriate and unacceptable in its consequences to the expeditious and orderly administration of justice.
While the defense has not explicitly urged that potential affinity — "group affiliation”, as it is sometimes called — is also an objectionable basis for the exercise of peremptory challenges, this court is aware that some authority exists for that proposition (see Commonwealth v Soares, supra; People v Wheeler, supra; People v Kagan, 101 Misc 2d 274).
With all due deference to the courts which decided those cases, this court disagrees. In the first instance, as noted previously, peremptory challenges based on potential affinity have historically been recognized as reasonable and acceptable. Secondly, the practical consequences to the orderly and expeditious administration of justice mentioned above apply with even greater force here (see People v Wheeler, supra, at p 288 [dissent]).
Finally, it should be noted that the remedy for improper exercise of peremptory challenges (based on potential affinity) would necessarily include dismissal of the sworn jurors and the panel from which they were drawn (see Commonwealth v Soares, supra, at pp —, 518; People v Wheeler, 22 Cal 3d 258, 282, supra). Either side, then, could possess the capacity to compel his adversary to choose (repeatedly, if necessary) between conceding an unfair advantage or aborting the trial. Presumedly, the party with the less advantageous position on the merits would be the one most tempted to exercise that power.
Concerning the prohibition of challenges based on potential affinity, Justice Richardson has well summarized the probable consequences in his dissenting opinion in People v Wheeler (supra).
"Further, rather than guaranteeing an impartial trial, I think the only guarantee is that the present lengthy process of voir dire will be rendered lengthier still. In my opinion, the majority position is wrong in concept and will prove illusory *786 and unworkable in application” (People v Wheeler, supra, at p 288).

. "A peremptory challenge is an objection to a prospective juror for which no reason need be assigned. Upon any peremptory challenge, the court must exclude the person challenged from service.”

. If the defense could show a policy of the District Attorney to excuse all blacks from all juries — without regard to the defendant’s race or any other circumstances — a different question would be presented (see Swain v Alabama, 380 US 202, 223-224, supra). But no such allegation is made and there is no suggestion that there is any basis for such an allegation.

. The question is not whether a potential juror of a particular race or nationality is in fact partial, but whether one from a different group is less likely to be. (See Swain v Alabama, supra, at p 221.) "The defendant’s right is a neutral jury. He has no constitutional right to friends on the jury” (Fay v New York, 332 US 261, 288-289).

. Defense attorneys have frequently been observed exercising their peremptory challenges so as to exclude, systematically, prospective jurors who share the background of an important prosecution witness.

. The implications become even more troublesome when it is noted that there would be no rational basis for restricting the principle to criminal cases and excluding civil actions (see People v Wheeler, 22 Cal 3d 258, 288, supra [dissent]).